(65 Misc. Rep. 623.)

### GUARANTY TRUST CO. v. MOYNAHAN.

(Supreme Court, Special Term, New York County. December, 1909.)

1. TAXATION (§ 658*)—TAX LIENS—NOTICE OF SALE.

> A notice of a sale for tax liens under Greater New York Charter (Laws 1901, c. 466) § 1027, as amended in 1908 (Laws 1908, c. 490), should state the amount of the taxes required to be paid to prevent the sale.
>
> [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 658.*]

2. TAXATION (§ 658*)—TAX LIENS—SPECIAL FRANCHISES—NOTICE OF SALE.

> Where a notice of a proposed sale for tax liens on special franchises of a street railroad specified the taxes appearing to be due and arrears, but failed to give credit for the amounts received on account of percentages of gross earnings and other payments for which the special franchises were entitled to credit under Tax Law (Consol. Laws, c. 60) § 48, the notice was insufficient, and a sale thereunder would be restrained.
>
> [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 658.*]

Action by the Guaranty Trust Company against Daniel Moynahan to restrain the sale of tax liens on special franchises of certain street railways. Injunction granted.

Julian T. Davies, William F. Sheehan, and Brainard Tolles, for plaintiff.

Francis K. Pendleton, Corp. Counsel (Curtis A. Peters, of counsel), for defendant.

MacLEAN, J. Because of oversight, neglect, or other official fault, exorbitant sums are stated in the defendant's advertisement of the amounts of taxes for the years 1901 and 1907, inclusive, remaining due and unpaid, for the liens of which the franchises of the Metropolitan Street Railway Company are to be sold this day to whomsoever shall offer to take the same in consideration of advancing the taxes and penalties and interest thereon at the lowest rate of interest, not exceeding 12 per cent. per annum.

It transpired upon the argument, and was conceded, that each of the amounts so announced as requisite for the several years indicated above was materially excessive, by reason of failure to deduct therefrom substantial sums paid as compensation for the use of streets, not less than $250,000 in any one year and aggregating $1,971,959.40, being "payments in the nature of a tax," made to the collector of the city revenue, whose duty it was under the statute (Laws 1899, c. 712, § 46, now Tax Law [Consol. Laws, c. 60] § 48), year by year, not less than 5 nor more than 20 days before the franchise tax was payable,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to certify such payments to the collector of assessments and arrears, who, in turn, was bound immediately to credit on the tax roll to the holder of the franchises and against the sum levied thereon the amounts certified.

In the affidavit submitted yesterday by the able and ingenious counsel representing the city, the defendant deposes he has offset against the franchise taxes for 1900 and 1907, inclusive, the "payments in the nature of a tax" and will to-day only sell the tax liens on the balance of the taxes and penalties remaining unpaid after said offsets. In exculpation of himself, the defendant deposes, also, that the deductible payments were made to the bureau of city revenue; that that bureau did not certify them to him until the 22d day of November, 1909; and that he (the defendant) thereupon and on that day immediately caused the payments certified to be offset against the special franchise taxes herein in question.

Mere statement of the facts thus appearing is sufficient to sustain the motion to restrain the proposed sale, despite bravely earnest contention of counsel to the contrary. The discrepancies are too vast to be classed clerical errors. The assertion that the official oversight is redeemed by the offer to sell the liens only as corrected, a matter of mere arithmetical computation, presurmises acquaintance with details had by the few, and competency at calculation not had by the many. However dissipated what they have had, the franchise holders have not, they say, now the money to pay off the liens, reduced as much as may be. Indeed, if the notorious may be assumed judicially, that may be. In funds or penniless, the person, corporate or individual, whose property is to be taken in invitum on public bidding is entitled to have it offered under terms as favorable to himself as accords with law and truth, rather than under conditions clouding competition and increasing the cost of anticipated redemption.

The stay now obtaining will be made an injunction.